Tolbert Dean SPRADLIN,
Plaintiff–Appellant,

v.

LEAR SIEGLER MANAGEMENT
SERVICES COMPANY, INC., et
al., Defendants–Appellees.

No. 89–16413.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 1990.*

Decided Feb. 15, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Joseph F. Harbison, III, Wilcoxen, Callahan, Montgomery & Harbison, Sacramento, Cal., for plaintiff-appellant.

Howard F. Fine, Robin L. Filion, Baker & McKenzie, San Francisco, Cal., for defendants-appellees.

Before TANG, FLETCHER and REINHARDT, Circuit Judges.

FLETCHER, Circuit Judge:

Tolbert Dean Spradlin appeals the district court's enforcement of a forum selection clause in his employment contract with defendant Lear Siegler Management Services Corporation ("Lear Siegler"), and the resulting dismissal of his action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). He likewise appeals the district court's denial of his request for oral argument on his motion to remand the action to state court and on the defendants' motion to dismiss. We affirm the district court's denial of oral argument and its enforcement of the forum selection clause and dismissal of the action for improper venue.

## BACKGROUND

Lear Siegler is a Delaware corporation with its principal place of business in Oklahoma City. It is in the business of providing military support services to the United States government, such as aircraft maintenance and overhaul and general base support. It provides such services throughout the world pursuant to contracts with the United States armed services. The three individual defendants, Charles T. Scott, Norbert D. Gorman, and Frederick Stuart Mayo are respectively president, executive vice president and an employee of Lear Siegler.

Spradlin, who had been an employee of Lear Siegler in various countries (including Saudi Arabia) for 25 years, signed a two-year "Saudi Arabia Employment Agreement" on March 27, 1988, providing for his employment in the position of "Deputy Program Manager, Operations." The employment agreement is standardized but five provisions of the Summary of Employee Benefits Allowance [1] (concerning shipment and storage of personal effects, vacation leave and travel allowance, and completion award) were revised by the parties, apparently in light of Spradlin's long tenure and prior arrangements with the company. The employment agreement contains a choice of law and forum selection clause providing that:

> This Employment Agreement shall be governed by the laws of the Kingdom of Saudi Arabia. The courts of Saudi Arabia shall have sole jurisdiction over any disputes arising out of this Employment Agreement.

In addition to signing the employment agreement on the final page, both Spradlin and the representative of Lear Siegler initialled each page of the agreement.

Spradlin commenced work in Saudi Arabia and moved his wife and two children there with him. He was terminated from his position with Lear Siegler on October 27, 1988 and, according to his complaint, was locked out of his job. He alleges that he and his family were then ordered to leave Saudi Arabia within 10 days. Spradlin subsequently moved to California, where he filed a complaint in state court on April 14, 1989, alleging breach of contract and related claims, including slander, emotional distress, fraud and age discrimination.

Lear Siegler removed the case to federal court on diversity grounds and moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). [2] Spradlin moved for remand to state court, alleging that the parties were not perfectly diverse. The motions were consolidated for hearing by the district court judge.

---

1. The Summary of Employee Benefits Allowance was attached to the contract as an exhibit and both were signed at the same time.

2. For the sake of simplicity, we refer to the defendants collectively as "Lear Siegler."

Because of confusion surrounding the rescheduling of the hearing, counsel for plaintiff failed to appear for oral argument on the motions. The court, without hearing oral argument from Lear Siegler, ordered the motions submitted, denied Spradlin's motion to remand, and granted Lear Siegler's motion to dismiss based on the existence of a valid forum selection clause.

Counsel for Spradlin received written notice of the hearing on the day after it occurred. He immediately requested that the court allow him to present oral argument, and submitted a declaration by his office receptionist explaining the lack of notice by the court of the rescheduled hearing. The district court denied the request for oral argument, indicating that both motions had been decided on the basis of the briefs and other documents, and that Spradlin had presented no compelling reason for rehearing the motions.

Spradlin appeals both the district court's denial of his request for oral argument and its order granting Lear Siegler's motion to dismiss.[3]

## STANDARDS OF REVIEW

■ The district court's order enforcing the contractual forum selection provision and dismissing the case for improper venue is subject to review for abuse of discretion. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 n. 4 (9th Cir.1984). The order denying Spradlin's request for oral argument is likewise subject to review for abuse of discretion. *Cf. D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1389 (9th Cir.1990).

## DISCUSSION

I. *Enforcement of the Forum Selection Clause.*

■ Federal law governs the validity of the forum selection clause. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988). In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct.

1907, 32 L.Ed.2d 513 (1972) (*"Bremen"*), the Supreme Court considered the enforceability of a clause designating the London Court of Justice as the proper forum for disputes arising from a commercial shipping contract between an American corporation and a German corporation. In that context, the Court held that forum selection clauses are *prima facie* valid, 407 U.S. at 10, 92 S.Ct. at 1913, and that they should not be set aside unless the party challenging such a clause can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15, 92 S.Ct. at 1916; *see also Pelleport Investors, Inc.*, 741 F.2d at 280 (absent some evidence submitted by the party opposing enforcement of the clause indicating fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to deprive that party of a meaningful day in court, the provision should be respected as the expressed intent of the parties).

*Bremen* and most of the published opinions following it involve commercial contracts between two fairly sophisticated parties. Here we consider something less than a complex commercial contract where each clause has been individually negotiated, and something more than an adhesion contract printed on the back of a ticket such as that addressed recently by this circuit in *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 387–89 (9th Cir.), *as amended, cert. granted,* —— U.S. ——, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990). There is nothing in the case law, however, to suggest that a different analysis applies to forum selection clauses in employment contracts than generally applies to commercial contracts.

■ On the contrary, while there are few published opinions addressing the issue in the employment context, those opinions all apply the framework set out in *Bremen* and its progeny. They simply take into account—as the *Bremen* analysis

---

3. Spradlin included the denial of his motion to remand as an appealed issue in his notice of appeal but appears to have dropped that claim since it was not briefed on appeal.

requires—the factual circumstances of the initial employment agreement and the underlying dispute which has brought the parties to court, including any power differentials which may exist between the two parties to the contract. Indeed, in *Tisdale v. Shell Oil Co.*, 723 F.Supp. 653, 654–57 (M.D.Ala.1987), the district court enforced a forum selection clause under circumstances virtually identical to the case at hand. Mr. Tisdale had signed an employment contract with a Shell Oil affiliate in Saudi Arabia. The contract included a provision selecting Saudi Arabia's Labor Commission as the arbiter of any disputes arising under the agreement. The district court dismissed the lawsuit for improper venue, specifically finding that none of *Bremen's* exceptions to the enforcement of forum selection clauses applied. Other district courts have done likewise. *See e.g., Pauly v. Biotronik, GmbH*, 738 F.Supp. 1332, 1334–35 (D.Or.1990) (citing *Bremen* and enforcing arbitration and forum selection clauses requiring disputes to be brought in the International Chamber of Commerce in Paris in an employment agreement between a German biotech firm and two American engineers); *Farrington v. Centrust Mortgage Corp.*, 1989 WL 120698, 1989 U.S.Dist. LEXIS 12222, No. 88–2633–Wf (D.Mass. Oct. 2, 1989) (holding that fact that employment contract was between an individual and a corporation was not determinative of validity of forum selection clause and ordering discovery regarding the plaintiff's capacity to litigate in the selected forum so as to ascertain the applicability of *Bremen's* inconvenience prong); *Mikols v. U.S. Amada Ltd.*, No. 84–C–2540, 1985 WL 1399 (E.D.Ill. May 20, 1985) (Plunkett, J.) (enforcing forum selection clause in employment contract and quoting *Bremen*); *Gaskin v. Stumm Handel GmbH*, 390 F.Supp. 361, 366–70 (S.D.N.Y.1975) (applying seven factors flowing from *Bremen* to a contract employing the plaintiff to act as the manager for the German defendant's New York operations and enforcing the forum selection clause designating Essen in the Republic of West Germany as the forum for disputes). We therefore review for abuse of discretion the district court's decision that enforcement of the forum selection clause would not be unreasonable under the circumstances, keeping in mind that *Bremen* mandates enforcement of such clauses absent a showing of fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to deprive the party seeking to avoid enforcement of a meaningful day in court. *Pelleport*, 741 F.2d at 280.

■ Appellant argues on appeal, as he did below, that the forum selection clause should not be enforced in this case because it and the entire contract were the result of fraud and overreaching on the part of the defendants. He alleges that the defendants never intended to fulfill the terms of the contract. Appellant relied in the district court (as indeed he does again on appeal) on broad and conclusory allegations of fraud without offering any specific factual allegations or evidentiary support. On that basis, the district court found that the plaintiff

> presented no evidence of unreasonableness or fraud except for the conclusory statement that the employment contract, including the forum selection clause, was a product of fraud.... [and] has failed to present any evidence in opposition to the motion to indicate that the parties were of unequal bargaining power or that litigating in Saudi Arabia will be so inconvenient as to deprive him of a meaningful day in court.

Order Denying Motion to Remand and Dismissing Complaint at 3. The court therefore enforced the forum selection clause "because of a total failure of proof on plaintiff's part," and dismissed the complaint pursuant to Fed.R.Civ.Pro. 12(b)(3). Given appellant's failure to come forward either here or in the district court with anything beyond the most general and conclusory allegations of fraud and inconvenience, we are compelled to affirm.

It is possible that there are facts which Mr. Spradlin could have brought to the district court's attention that would have militated against enforcing the forum selec-

tion clause. For example, the relevant witnesses may all be located in the United States; Lear Siegler may have no remaining operations in Saudi Arabia so that it can claim no particular convenience in litigating there; appellant may be uneducated and may have relied heavily on a trusted representative of Lear Siegler; or he may be unable to return to Saudi Arabia for some reason. This is all speculation, however, since appellant has not brought any such facts to the attention of either the district court or this court. Indeed, appellant has failed to provide *any* information on appeal or in the trial court below as to his educational background or business expertise.[4] Likewise, he has not only failed to produce evidence of inconvenience he would suffer by being forced to litigate in Saudi Arabia, he has failed even to offer any specific allegations as to travel costs, availability of counsel in Saudi Arabia, location of witnesses, or his financial ability to bear such costs and inconvenience.

Although we are troubled by Lear Siegler's standard inclusion of a Saudi Arabian forum selection clause in employment contracts when it is highly foreseeable that terminated American employees will be required to return to the United States[5] and will thus face considerable obstacles in bringing wrongful termination actions, we cannot find that the district court abused its discretion in enforcing the forum selection clause based on the scant and conclusory information presented by Spradlin.

## II. *Denial of Oral Argument.*

Even accepting appellant's factual premise that his counsel's failure to attend oral argument was due to an error on the part of the district court clerk, the denial of oral argument was harmless. Spradlin has failed to demonstrate that he was prejudiced by the district court's action. He had every opportunity in the court below to offer specific factual allegations in support

of his arguments that the forum selection clause and the contract as a whole were the product of fraud. He did not offer such allegations or any evidence in documents filed prior to the scheduled hearing; he did not in his request for oral argument offer the district court any insight into what allegations or evidence he would add were the court to reschedule oral argument; and, even on appeal, he offers no specific factual allegations which support his arguments. Moreover, it is doubtful that oral argument by counsel, absent any supporting declarations or affidavits, could amount to the requisite "strong showing 'that enforcement [of the forum selection clause] would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti–Farrow,* 858 F.2d at 514 (quoting *Bremen,* 407 U.S. at 15, 92 S.Ct. at 1916). Argument by counsel serves only to elucidate the legal principles and their application to the facts at hand; it cannot create the factual predicate.

AFFIRMED.

---

4. From the title of his job and his $60,000 salary, we surmise that the appellant was not entirely unsophisticated. In any event, since appellant offered no evidence of particular lack of sophistication in the court below, it cannot provide a basis for reversing the district court's exercise of discretion.

5. Indeed, Spradlin alleges that Lear Siegler compelled him and his family to leave Saudi Arabia within ten days of his termination.