36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan SANCHEZ, Plaintiff-Appellant,
v.
Alberto Aguilera VALADEZ, a/k/a Juan Gabriel; Maria De La
Paz Arcaraz, Defendants-Appellees.
 No. 93-55048.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided Aug. 29, 1994.
 
 1
 Before: FLETCHER, CANBY and HALL, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff appeals from the district court's dismissal of his action pursuant to a contractual forum selection clause. Plaintiff argues that the clause should not control because defendants acted fraudulently, had undue bargaining power, and threatened to have him jailed or worse if he came into the contractual forum to litigate. The district court found these reasons unpersuasive. We affirm.
 
 BACKGROUND
 
 4
 On November 19, 1990, plaintiff Juan Sanchez filed this diversity action in the Central District of California, alleging claims for breach of contract and interference with contractual relations. The defendants are Alberto Aguilera Valadez (popularly known as "Juan Gabriel"), a performing artist who contracted with Sanchez to give four concerts in California and New Mexico in the summer of 1990, and Maria de la Paz Arcaraz, Valadez's agent. The concerts were never given; Sanchez alleged in his complaint that he stood ready to perform his obligations under the contract, but that Arcaraz thwarted him by not telling him until practically the eve of the first concert how, when, and where to pay an $80,000 balance still outstanding.
 
 
 5
 Defendants moved to dismiss the complaint, arguing that plaintiff had failed to allege performance of a condition precedent, and hence had failed to state a claim on which relief could be granted. The district court dismissed the action (1) for failure to state a claim on which relief could be granted; and (2) for improper venue, pursuant to a contractual forum selection clause. The latter ground for dismissal was brought to the court's attention for the first time in a "Supplement" filed by defendants the Friday before the Monday on which the motion to dismiss was noted.
 
 
 6
 In a memorandum disposition filed June 1, 1992, this court reversed the dismissal of Sanchez's complaint. This court held that the district court had erred in granting defendants' Rule 12(b)(6) motion, and had abused its discretion in granting the improper venue motion without affording Sanchez an adequate opportunity to respond. This court expressed no opinion on the merits of the motion to dismiss for improper venue, or on Sanchez's argument that enforcement of the forum selection clause would be unreasonable under the circumstances.
 
 
 7
 On remand, the district court ordered the parties to rebrief the motion to dismiss for improper venue. Defendants filed a new motion to dismiss, again relying on the contractual forum selection clause. That clause provides that
 
 
 8
 For the interpretation, fulfillment or rescission of this contract, the parties expressly submit themselves to the jurisdiction and competence of the Courts of Mexico City, Federal District, renouncing the jurisdiction that could correspond to them by reason of their present or future domicile or for any other circumstance.
 
 
 9
 (English translation).
 
 
 10
 Sanchez opposed the motion to dismiss, and filed an affidavit stating (1) that the contract did not represent his oral agreement with Arcaraz, but that he signed it because Arcaraz told him he could take it or leave it, and he was afraid he would not be able to recover costs he had already expended in promoting the concerts; (2) that when he asked defendants' secretary, Jesus Salaz, to return his money, Salaz told him he would have to come to Mexico to pursue his claims, and that if he did so, he would be put in jail, or would "disappear"; and (3) that he had learned that Valadez never intended to perform the concerts, but instead was using the contract as a pretext for severing his relationship with Arcaraz, which he later did.
 
 
 11
 Arcaraz filed an affidavit in reply, stating that she had never told Salaz or anyone else that Sanchez would be put in jail or would "disappear" if he came to Mexico, and that she had never threatened Sanchez in any way.
 
 
 12
 The district court found that the forum selection clause was enforceable. The court stated that it had "considered fully Plaintiff's arguments," but "f[ound] them to be unpersuasive." The court therefore granted defendants' motion to dismiss for improper venue, and denied plaintiff's motion to amend the complaint in order to add allegations consistent with those in his affidavit.
 
 
 13
 Plaintiff has timely appealed both rulings.
 
 DISCUSSION
 
 14
 We review for an abuse of discretion the district court's order enforcing the forum selection clause and dismissing the case for improper venue. Spradlin v. Lear Siegler Management Servs., 926 F.2d 865, 867 (9th Cir.1991). In this circuit, federal law governs the validity of a forum selection clause. Id.; Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 512-13 (9th Cir.1988).
 
 
 15
 In The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court held that a forum selection clause entered into by sophisticated parties after arm's-length negotiation was prima facie enforceable, and should be honored by the courts "absent some compelling and countervailing reason." Id. at 12. Both The Bremen and cases following it, however, have made it clear that in certain situations forum selection clauses will not be enforced. A forum selection clause may be set aside if the party challenging it can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." 407 U.S. at 15. Likewise, the clause may be set aside if the party seeking to escape the provision "show[s] that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Id. at 18; see also Pelleport Investors v. Budco Quality Theaters, 741 F.2d 273, 280 (9th Cir.1984). Sanchez argues that several of the exceptions to enforceability pertain in this case. Defendants contend that Sanchez has not made the "strong showing" which The Bremen requires of those challenging a forum selection clause. 407 U.S. at 15; see also Manetti-Farrow, 858 F.2d at 514.
 
 
 16
 a. Fraud
 
 
 17
 Sanchez stated in his affidavit that Valadez never intended to perform the concerts. Standing alone, this allegation is clearly insufficient to set aside the forum selection clause. Spradlin, 926 F.2d at 868 (bare allegation that defendants never intended to fulfill terms of a contract is insufficient).
 
 
 18
 Sanchez goes further, however, and also imputes a motive to Valadez: Sanchez claims that Valadez entered into the contract in order to terminate his relationship with Arcaraz--which he has now done. But Sanchez does not explain, or even suggest how the contract led to the termination of defendants' relationship. Moreover, Sanchez's complaint is based on the theory that Arcaraz herself caused the agreement to unravel, since she refused to tell Sanchez where, when, and how to make the necessary payments until it was too late. Indeed, Sanchez's complaint contains a separate claim, against Arcaraz alone, for interference with contractual relations. Since Sanchez's theory of fraud on the part of Valadez is inconsistent with his complaint, which alleges interference on the part of Arcaraz, the district court did not abuse its discretion by discounting this theory, and finding that Sanchez's allegations of fraud were insufficient to set aside the forum selection clause.
 
 
 19
 b. Undue influence, overweening bargaining power
 
 
 20
 Sanchez suggests that Arcaraz had undue influence over him when he signed the contract because he had at that time already spent money on promoting Valadez's concerts, and was afraid that he could not recoup his investment unless he signed the contract, which was presented to him on a "take it or leave it" basis.
 
 
 21
 Sanchez argues in his appellate brief, as he argued below, that the contract differed from his oral agreement with defendants in that it included a provision for paying defendants $80,000 free of taxes. What is notably lacking from both his briefs and his affidavit, however, is any allegation that the forum selection clause differed from what he had agreed to orally. Since there is thus no indication that defendants secured his assent to that clause by means of undue influence, we conclude that the district court did not abuse its discretion by discounting Sanchez's undue influence allegations.
 
 
 22
 c. Serious inconvenience in litigating in the selected
 
 
 23
 forum
 
 
 24
 Finally, Sanchez contends that he would undergo serious inconvenience by litigating in Mexico City because he fears for his safety there. Sanchez alleges that defendants' secretary told him that he would be put in jail or would "disappear" if he went to Mexico to prosecute his claim; Sanchez also states that he believed these threats "because Mr. Valadez is a prominent entertainer in Mexico and I am aware of such situations happening in the past." Sanchez Decl. at p 7.
 
 
 25
 As noted, the district court also had before it Arcaraz's statement that she had never threatened Sanchez, and had never told Salaz that Sanchez would be in danger if he came to Mexico. Defendants argued below (as they argue on appeal) that Sanchez failed entirely to mention these alleged threats until the forum selection clause was introduced into the litigation--despite the fact that Sanchez was questioned at his deposition about any conversations he had had with Arcaraz after the parties had put the deal together.[1]
 
 
 26
 Balanced against this is Sanchez's contention that he is "aware of such situations happening in the past." This allegation is vague in the extreme: it does not even identify defendants as the perpetrators of the prior "situations." Looking at Sanchez's allegations in their entirety, and balancing them against both Arcaraz's denials and Sanchez's failure to mention the threats earlier, we conclude that the district court did not abuse its discretion in finding Sanchez's contentions "unpersuasive." Sanchez was required to make a strong showing that litigation in the chosen forum would effectively deprive him of his day in court. He made a weak showing at best. We conclude that the district court did not err in enforcing the forum selection clause.
 
 
 27
 Sanchez's contention that the district court erred in denying his motion to amend the complaint is easily dispensed with. Although leave to amend is to be "freely given," Fed.R.Civ.P. 15, and a denial of leave to amend is reviewed strictly, Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991), futile amendments need not be permitted. Klamath-Lake Pharmaceutical Ass'n. v. Klamath Medical Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.), cert. denied, 464 U.S. 822 (1983). Here, the facts Sanchez wished to allege in his amended complaint were already before the court by means of his affidavit. The court considered those facts, and found Sanchez's arguments unpersuasive. Alleging the facts in the complaint rather than in an affidavit would have changed nothing. Amendment would have been futile.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sanchez explained that his former attorney, Stephen Eyre, informed him that he did not want to include in the complaint any of the facts concerning fraud or threats. This does not explain, however, why Sanchez did not relate these facts during his deposition