**Frederick D. NELSON; et al.,
Plaintiffs—Appellants,**

**v.**

**Gray DAVIS, Governor; et al.,
Defendants—Appellees.**

No. 01–55313.

D.C. No. CV–01–00341–FMC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Appellants, all California state prisoners, appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 action alleging that post-conviction modifications of parole procedures constitute an ex post facto law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under the Prison Litigation Reform Act screening provisions, 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Appellants' action because it challenged the denial of their parole, and a favorable judgment would necessarily imply the invalidity of their confinement. *See Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). Contrary to Appellants' contention on appeal, the denial of their earlier habeas petitions is not a basis upon which to permit their current action to proceed. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

The district court properly dismissed the action with prejudice because amendment would be futile. *Cf. Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc). The district court did not abuse its discretion in denying Appellants' motion for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because they failed

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). Accordingly, Appellants' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to demonstrate "exceptional circumstances." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

Appellants' contention that the district court was required to hold a hearing prior to dismissing their action is without merit. *Cf. Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 867, 869 (9th Cir. 1991) (district court declined to hear oral argument on motion to dismiss).

We deny Appellants' motions for judicial notice.

**AFFIRMED.**