Luis SARMIENTO, Plaintiff,

v.

BMG ENTERTAINMENT, Defendant.

No. CV 03–2469LGBJTLX.

United States District Court,
C.D. California.

July 1, 2003.

Anthony R. Lopez, Lopez & Associates, Los Angeles, CA, for Plaintiff.

Harold M. Brody, Jessica Abby Mayer, Proskauer Rose, Los Angeles, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

BAIRD, District Judge.

## I. INTRODUCTION

Plaintiff Luis Sarmiento ("Plaintiff" or "Sarmiento") brings this action against Defendant BMG Entertainment ("Defendant" or "BMG") alleging three causes of action: 1) breach of employment agreement; 2) breach of implied covenant of good faith and fair dealing; and 3) failure to pay wages due. By the instant motion, Defendant seeks to dismiss the action for lack of proper venue under Federal Rule of Civil Procedure 12(b)(3). Defendant claims that the parties' agreement contained a forum selection clause that provided for any litigation to be filed in New York, and that the forum selection clause must be enforced.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a composer and music executive who has held various positions at BMG since 1982. Declaration of Frank Martinez ("Martinez Decl."), Ex. E (Complaint) ¶ 10. In 1990, Sarmiento was promoted to Director of Artist and Repertoire ("A & R") of BMG Argentina. *Id.* In December 1999, Sarmiento and BMG entered into a written agreement for Sarmiento's employment as Director of A & R of BMG U.S.' Latin division. *Id.* ¶ 11; Martinez Decl., Ex. A. On April 19, 2000, BMG and Sarmiento entered into another employment agreement that was for the same position, but included an extended term, enhanced compensation, and a forum selection clause. Martinez Decl., Ex. E ¶ 12; Motion to Dismiss ("MTD") at 3; Martinez Decl., Ex. B.

On or about October 1, 2001, Sarmiento entered into an employment agreement ("2001 Agreement") with BMG whereby he was promoted to General Manager of BMG's West Coast Operations. Martinez Decl., Ex. E ¶ 18; Martinez Decl., Ex. C. The term of the 2001 Agreement was 2 years and 2 months. Martinez Decl., Ex. E ¶ 20. Before signing the 2001 Agreement, both Sarmiento and Alvarez (then BMG's General Manager of BMG U.S. Latin) initialed each page except the final page where each signed his name. MTD at 4; Martinez Decl., Ex. C. The 2001 Agreement contained the following forum selection clause:

> This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of laws. The parties agree to the exclusive jurisdiction and venue of the Supreme Court of the State of New York for New York County and/or the United States District Court for the Southern District of New York for the resolution of all disputes arising under this Agreement.

Martinez Decl., Ex. C at 36, ¶ G. Plaintiff's previous employment agreement contained an identical forum selection clause. Martinez Decl., Ex. B at 19, ¶ G.

On December 5, 2001, BMG terminated Sarmiento, allegedly for cause. Martinez Decl., Ex. E ¶ 24. BMG claimed that Sarmiento improperly competed with BMG in that one of Sarmiento's compositions was recorded by an artist not signed with BMG, without giving BMG its right to first refuse the composition. *Id.*

Sarmiento alleges that he did not engage in conduct that would constitute cause under the 2001 Agreement. *Id.* ¶ 26. Furthermore, Sarmiento alleges that the 2001 Agreement required BMG to give Sarmiento notice of any proposed termination and time to cure any alleged breach. *Id.* ¶ 27.

Sarmiento filed the instant complaint in Los Angeles County Superior Court on December 4, 2002. Sarmiento alleges the following causes of action against BMG: 1) breach of the 2001 Agreement; 2) breach of implied covenant of good faith and fair dealing; and 3) failure to pay wages due.

BMG timely removed the case to federal court on April 8, 2003. On May 15, 2003, BMG filed the instant Motion to Dismiss for Improper Venue. Sarmiento filed his Opposition ("Opp.") on June 2, 2003. On June 9, 2003, BMG filed a Reply. BMG submitted the Declaration of Harold Brody and the Revised Declaration of David Gilbert on June 13, 2003.[1]

## III. LEGAL STANDARDS

■ Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss based on improper venue. Federal law governs the validity of a forum selection clause. *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir.1988). Under federal law, a forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances. *M/S Bremen v. Zapata Off–Shore, Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The Supreme Court has construed this exception narrowly. *Id.*

■ A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Argueta,* 87 F.3d at 325; *Bremen,* 407 U.S. at 12–18, 92 S.Ct. 1907. Although many of the landmark cases in this area pertain to commercial contracts, the same analysis applies to employment contracts. *Spradlin v. Lear Siegler Mgmt. Services Co.,* 926 F.2d 865, 867 (9th Cir.1990).

■ The opportunity to read a clearly identified and intelligible forum selection clause before accepting the contract provides sufficient notice to plaintiff. *Roberson v. Norwegian Cruise Line,* 897 F.Supp. 1285, 1289 (C.D.Cal.1995); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Notably, to establish the unreasonableness of a forum selection clause, the party opposing the clause has the heavy burden of showing that trial in the chosen forum would be so difficult and

---

1. Pursuant to the Court's Standing Order, BMG's Reply and supporting papers were due on June 9, 2003. Therefore, Defendant's declarations were not timely filed. However, the Court exercises its discretion and will accept these untimely filings.

inconvenient that the party would effectively be denied a meaningful day in court. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984) (citing *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907).

## IV. ANALYSIS

 Defendant BMG argues that the 2001 Agreement contains a forum selection clause providing for exclusive jurisdiction and venue in the state of New York. MTD at 1; Martinez Decl., Ex. E at 36, ¶ G. Because Plaintiff Sarmiento's claim for breach of contract arose from the agreement, Defendant BMG argues that the action should be dismissed for lack of proper venue. MTD at 1. Plaintiff Sarmiento replies that the forum selection clause should not be enforced because it is unreasonable due to the fact that (1) its incorporation into the contract was the result of fraud, undue influence, and overweening bargaining power, and (2) the selected forum is so gravely difficult and inconvenient that Sarmiento will for all practical purposes be deprived of his day in court. Opp. at 2–4. Specifically, Sarmiento argues that: (1) he had to sign the contract when the opportunity for a new employment contract came to him (Opp. at 3); (2) he was unable to understand the forum selection clause because his primary language is Spanish (Opp. at 3); and (3) whereas litigating in New York would be extremely costly to Sarmiento, litigating in California would not be inconvenient for BMG (Opp. at 4).

### A. Whether the Forum Selection Clause Was the Result of Fraud, Undue Influence, or Overweening Bargaining Power

Plaintiff Sarmiento argues that the forum selection clause should not be enforced because it was the result of fraud, undue influence, or overweening bargaining power. Opp. at 2. In particular, he argues that the *Carnival Cruise Lines* cases should not apply because they involved payment for vacations whereas this case involves his livelihood. *Id.* Further, Plaintiff argues that the language barrier prevented him from understanding the forum selection clause. *Id.*

Sarmiento's first argument centers around a distinction between the *Carnival Cruise Lines* cases and the instant case grounded in Sarmiento's need for employment. *Id.* However, as Defendant BMG indicates in its Reply, the Ninth Circuit has long held that the same analysis applies to forum selection clauses in employment contracts as in commercial contracts. *Spradlin*, 926 F.2d at 867; Reply at 4. Moreover, Sarmiento's claims on this subject take the form of broad, conclusory allegations of undue influence and overwhelming bargaining power. The Ninth Circuit has held that if the resisting party fails to come forward with anything beyond general and conclusory allegations of fraud and inconvenience, the court must uphold the agreement. *See Spradlin*, 926 F.2d at 868.

Sarmiento also claims that a language barrier prevented him from understanding the forum selection clause, and that the forum selection clause should therefore not be enforced. Opp. at 3. Sarmiento argues that whereas the *Carnival Cruise Lines* cases involved the contracting party not seeing the contract, here the case involves the contracting party not understanding the contract. *Id.* Defendant BMG replies that Sarmiento's post required him to have facility in both English and Spanish, and that Sarmiento negotiated the 2001 Agreement with two different BMG executives who are fluent in both Spanish and English, so it would have been easy for him to

ask questions about the terms of the agreement. Reply at 6.

Although Sarmiento's primary language may be Spanish, Sarmiento fails to set forth any evidence to demonstrate that he was unable to understand the contract. Sarmiento merely makes broad and conclusory allegations of undue influence and overwhelming bargaining power. Opp. at 3; Reply at 5. The record shows that Sarmiento signed the contract (Martinez Decl., Ex. C at 36), initialed every page (Martinez Decl., Ex. C), and provided no evidence that he did not understand it, not even a declaration by Sarmiento. As stated above, the Court must uphold the agreement if the resisting party fails to come forward with anything beyond the most general and conclusory allegations of fraud and inconvenience. *See Spradlin*, 926 F.2d at 868. As Defendant BMG asserts, Sarmiento has failed to show that BMG rushed him, pressured him, or in any way used undue influence or overweening bargaining power to force him to sign an agreement he did not understand. Reply at 7.

Based on the foregoing, the Court concludes that the forum selection clause was not the result of fraud, undue influence or overweening bargaining power.

### B. Whether the Selected Forum Is So Gravely Difficult and Inconvenient as To Deprive Plaintiff Sarmiento of His Day in Court

Plaintiff Sarmiento also argues that the forum selection clause is unreasonable and should not be enforced because it would be very inconvenient for him to litigate in New York. Opp. at 4. Plaintiff also argues that the litigation should go forward in California because less of a burden would be placed on Defendant, a worldwide corporation with offices in California. *Id.* Plaintiff suggests that BMG "must be able to afford to send some documents and witnesses from New York to litigate in California." *Id.* Plaintiff also points to the fact that Defendant's attorneys are located in Century City, California to show that litigating the claim in the Central District of California would have little effect, if any, on Defendant. *Id.*

However, the question is not whether New York or California would be a more convenient forum. The question is whether New York is such an inconvenient forum as to deprive Plaintiff of his day in court.

Plaintiff Sarmiento fails to address the cases cited in Defendant BMG's Motion to Dismiss. There, BMG cited one case where the Ninth Circuit Court of Appeals enforced a forum selection clause requiring a California resident to litigate claims in Saudi Arabia.[2] MTD at 8. The court found that the requisite showing of inconvenience had not been met despite the travel required to litigate the case.

Additionally, as BMG points out, Sarmiento fails to cite a single case in which the court even considered the parties' relative size as a factor in evaluating a forum selection clause. Reply at 9. Sarmiento must show that the selected forum is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. *Argueta*, 87 F.3d at 325 (citing *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907). The Supreme Court has distinguished the inconvenience necessary to establish unreasonableness of a forum selection clause as compared with the balancing of convenience test appropriate in a change of venue motion. *Pelleport*, 741 F.2d at 281. Here, Sarmiento has alleged that it might be more convenient for BMG

---

2. *Spradlin*, 926 F.2d at 869.

to litigate in California than it would be for Sarmiento to litigate in New York, but Sarmiento has failed to satisfy the heavy burden of showing that trial in New York (the chosen forum) would be so difficult and inconvenient that Sarmiento effectively would be denied a meaningful day in court. Opp. at 4; *Pelleport,* 741 F.2d at 281.

Based on the foregoing, the Court concludes that the selected forum is not so gravely difficult and inconvenient as to deprive Plaintiff of his day in court.

### C. Whether Enforcement of the Forum Selection Clause Contravenes Any Strong California Public Policy

Plaintiff does not assert that enforcement of the forum selection clause contravenes California public policy.[3] Therefore, this factor weighs in favor of enforcement of the forum selection clause.

## IV. CONCLUSION

Based on the foregoing, Defendant BMG's Motion to Dismiss for Improper Venue is **GRANTED.**

**IT IS SO ORDERED.**

---

**3.** In Sarmiento's Opposition, he states that only "two of the three manners in which the forum selection clause is deemed... to be unreasonable can be proven by the facts present here." Opp. at 2. Therefore, Sarmiento concedes that the third manner, involving proof that the forum selection clause contravenes strong state public policy, is not present here.