**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEADCO PETROLEUM, FKA New West Petroleum, a California corporation, <br><br>        Plaintiff - Appellant, <br><br>  v. <br><br>TRAFIGURA AG, a Connecticut corporation; TRAFIGURA BEHEER B.V., a Netherlands corporation, <br><br>        Defendants - Appellees. | No. 13-15146 <br><br> D.C. No. 2:12-cv-01446-MCE-JFM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted March 12, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

Deadco Petroleum appeals from the district court's judgment dismissing its

action for improper venue. The district court concluded that all of Deadco's claims

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

were subject to a forum selection clause, which was located in the parties' Product Service Agreement (PSA), and which designated New York state courts as the exclusive forum for litigation. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997). We typically review the district court's decision to enforce a forum selection clause for abuse of discretion. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). Also, "because enforcement of a forum [selection] clause necessarily entails interpretation of the clause before it can be enforced," we review the district court's interpretation of the forum selection clause de novo. *See Manetti-Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). We affirm.

Deadco's central argument on appeal is that the PSA's forum selection clause is inapplicable because Deadco's claims are not rooted in the PSA, but rather in an alleged "overarching partnership" agreement of which the PSA was only a part. However, Deadco failed to provide evidence supporting the existence of its alleged partnership. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) ("Absent some *evidence* submitted by the party opposing enforcement of the clause . . . the provision should be [upheld]" (emphasis in original), quoting *Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741

2

F.2d 273, 280 (9th Cir. 1984). *See also Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 868-69 (9th Cir. 1991) (affirming a district court's dismissal, based on a forum selection clause, because the appellant "relied in the district court [and] on appeal . . . on broad and conclusory allegations of fraud without offering any specific factual allegations or evidentiary support").

Additionally, in considering a motion to dismiss, courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Here, not only was there a lack of evidence supporting an alleged partnership, but the PSA itself explicitly disavows a partnership relationship between the parties.

Even if a partnership agreement did exist, it would not allow Deadco to circumvent the PSA's forum selection clause because all of Deadco's claims "cannot be adjudicated without analyzing whether the parties were in compliance with the [PSA]." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). Indeed, each of Deadco's claims seeks to enforce rights that either appear in the PSA, or at least relate to the contractual relationship it describes. The basic source of any duty owed by Trafigura to Deadco—whether originating in tort

3

or in contract—derives ultimately from the contractual relationship described in the PSA.

Moreover, even if it were true that the relevant contractual terms were in both the PSA and a partnership agreement, their presence in the PSA is dispositive. A party cannot enumerate rights in two contracts, and then avoid the second contract's valid forum selection clause by telling the court it wishes to enforce its rights under the first, which advantageously happens not to contain a forum selection clause. Consequently, the district court did not abuse its discretion in enforcing the forum selection clause as to all claims and dismissing the action for improper venue.

Next, the district court did not abuse its discretion in refusing to hold an evidentiary hearing on the existence of the alleged partnership. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2003). First, because Deadco failed to ask for an evidentiary hearing or to offer any evidence supporting the existence of the alleged partnership, there was no genuine factual dispute to resolve through an evidentiary hearing. Second, as stated above, even if Deadco could show that a separate partnership agreement predated and coexisted with the PSA, all causes of action still would be fairly encompassed within the PSA's forum selection clause.

4

Finally, the district court also acted within its discretion in dismissing the action without leave to amend. A district court does not abuse its discretion in denying leave to amend where the amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Here, it would have been futile to permit Deadco to amend its claims "to set forth additional facts regarding the overarching partnership between [the parties]." As stated above, even if the "overarching partnership" existed and contained the same terms as the PSA, this fact would not allow Deadco to circumvent the fully integrated PSA, which contained the same relevant terms and the dispositive forum selection clause.

**AFFIRMED.**