**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY R. PANNABECKER, | No. 15-55520 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-00788-ODW-VBK |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the CSMC Mortgage-Backed Trust Series 2006-2; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| CAL-WESTERN RECONVEYANCE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 8, 2017**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Timothy R. Pannabecker appeals pro se from the district court's order dismissing his action alleging violations of federal and state law arising from the foreclosure of his home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We may affirm on any basis supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992). We affirm.

The district court properly concluded that Pannabecker lacked standing to pursue his wrongful foreclosure claim based on defendants' alleged untimely assignment of the deed of trust, because the California Court of Appeal has held that an untimely assignment into a securitized trust is not void, but merely voidable, and that borrowers lack standing to challenge such assignments. *See, e.g.*, *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016) ("*Yvanova* expressly offers no opinion as to whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable. We conclude such an assignment is merely voidable." (citation omitted)). Thus, dismissal of Pannabecker's claim challenging

the foreclosure of his home on this ground was proper.

The district court did not abuse its discretion by denying Pannabecker leave to amend, *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend where the proposed amendments would be futile), or by declining to hear oral argument, *see Spradin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFRIMED.**