R. Alexander ACOSTA, Secretary of Labor, United States Department of Labor,* Plaintiff-Appellee,

v.

Sydney M. OSKOUI, individually and as President of Sandpoint Gas N Go & Lube Center, Inc.; et al., Defendants-Appellants.

No. 15-35778

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 **

Filed June 30, 2017

Evan Nordby, Office of the Solicitor, U.S. Department of Labor, Seattle, WA, Brian Broecker, Heather R. Phillips, Esquire, Attorney, LABR—U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Plaintiff-Appellee

Sydney M. Oskoui, Pro Se

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM ***

Sydney M. Oskoui and Sandpoint Gas N Go & Lube Center, Inc. ("Sandpoint") appeal pro se from the district court's entry of default judgment against them in this action alleging violations of the whistle-

---

* R. Alexander Acosta has been substituted for his predecessor, Thomas E. Perez, as Secretary of Labor under Fed. R. App. P. 43(c)(2).

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

blower provisions of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651-678. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's entry of default. *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by ordering the Clerk to enter default against Oskoui because Oskoui failed to serve a timely responsive pleading or motion under Federal Rule of Civil Procedure 12(b). *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (defendant must serve answer within 21 days after being served with summons and complaint); Fed. R. Civ. P. 12(a)(4) (describing effect of Rule 12(b) motion on time to serve a responsive pleading); Fed. R. Civ. P. 55(a) (authorizing entry of default when defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise").

The district court properly denied Oskoui's motions to dismiss for lack of jurisdiction because counsel for the Secretary of Labor ("Secretary") was authorized to file and litigate this action. *See* 29 U.S.C. § 660(c)(2) (authorizing Secretary to bring an action in district court for violations of OSHA's retaliation provisions); *see also* 5 U.S.C. § 302(b) (head of agency may delegate authority to subordinate officials); 5 U.S.C. § 3106 (head of agency may employ counsel to conduct litigation "as authorized by law"); 29 U.S.C. § 663 (authorizing Solicitor of Labor to "appear for and represent the Secretary in any civil litigation brought under this chapter"); *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016) (setting forth standard of review).

The district court did not abuse its discretion by denying Oskoui's motion for sanctions because the motion was based on the same meritless jurisdictional arguments. *See Avery Dennison Corp. v. Allendale Mut. Ins. Co.*, 310 F.3d 1114, 1117 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion or violate Oskoui's right to due process by deciding the motions to dismiss and for sanctions without holding a hearing or setting forth its conclusions in its order. *See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 832 n.6 (9th Cir. 2003) (rejecting contention that district court violated due process by dismissing claims under Federal Rule of Civil Procedure 12(b)(6) without oral argument); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (setting forth standard of review); *see also Bright v. Bechtel Petrol., Inc.*, 780 F.2d 766, 772 (9th Cir. 1986) ("Rule 52(a) provides that findings of fact and conclusions of law are unnecessary in decisions on motions.").

The district court did not clearly abuse its discretion by denying with leave to re-file Oskoui's request for a continuance of the hearing on punitive damages because the district court determined reasonably that Oskoui had not provided specific information about why the medical condition precluded his attendance at the hearing. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (setting forth standard of review).

The district court did not err in failing to recuse itself sua sponte because Oskoui failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge ... a party will bear a greater burden on appeal in demonstrating that the judge ... [erred] in failing to grant recusal under section 455." (alteration in original, citation and internal quotation marks omitted)).

We dismiss Sandpoint's appeal because no attorney has entered an appearance in

this court on behalf of Sandpoint, and Oskoui, a non-attorney, may not represent Sandpoint. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." (citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Oskoui's "motion for extension of time or for leave to re-file excerpts of record" (Docket Entry No. 13) is granted.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.