NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMANTHA HUBBARD, Pro-Se, | No. 16-35075 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05982-RJB |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Samantha Hubbard appeals pro se from the district court's summary

judgment in her employment action alleging violations of Title VII and due

process.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Mayes v. WinCo Holder, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Hubbard's Title VII racial discrimination claim because Hubbard failed to raise a genuine dispute of material fact as to whether she was performing according to her employer's expectations and that similarly situated employees outside her protected class were treated more favorably, or whether her employer's legitimate, non-discriminatory reasons for its actions were pretextual. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640-41 (9th Cir. 2004) (setting forth prima facie case of discrimination and burden shifting requirements under Title VII).

The district court properly granted summary judgment on Hubbard's Title VII retaliation claim because Hubbard failed to raise a genuine dispute of material fact as to whether there was a causal link between her protected activity and her termination in 2012. *See Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (setting forth prima facie case of retaliation); *see also Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003) (nine month gap between protected activity and adverse employment decision not evidence of causation).

The district court properly granted summary judgment on Hubbard's due process claim because Hubbard failed to raise a genuine dispute of material fact as to whether the grievance procedures set out in the collective bargaining agreement failed to satisfy due process. *See Armstrong v. Meyers*, 964 F.3d 948, 950 (9th Cir. 1992) (explaining that a public employer may meet its due process obligations by

providing a collective bargaining agreement that contains grievance procedures and explaining requirements for due process); *see also MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) ("A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials in pleadings, but must set forth specific facts showing that there is a genuine issue for trial." (citation and internal quotations omitted)).

We reject Hubbard's contentions that the Union representative violated the collective bargaining agreement.

To the extent Hubbard raised claims alleging violations of the collective bargaining agreement apart from her due process contentions, dismissal was proper because Hubbard failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in denying Hubbard's motion to appoint counsel. *See Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (setting forth standard of review and the three factors relevant to the exercise of the district court's discretion).

The district court did not abuse its discretion in denying Hubbard's motion for oral argument on defendant's motion for summary judgment. *See* W.D. Wash.

16-35075

R. 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument."); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**