**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 24 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEO BLAS,<br><br>                Appellant,<br><br>  v.<br><br>BANK OF AMERICA, NA; KENNETH W.<br>BATTLEY, Trustee,<br><br>                Appellees. | No. 21-35832<br><br>D.C. No. 3:20-cv-00271-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 18, 2023[**]

Before: SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Chapter 7 debtor Leo Blas appeals pro se from the district court's judgment affirming the bankruptcy court's order approving the Chapter 7 trustee's settlement of an adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Blas's requests for oral argument, set forth in the opening and reply briefs, are denied.

review de novo a district court's decision on appeal from a bankruptcy court, and we apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Ests., Inc. (In re Tucson Ests., Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court did not abuse its discretion by approving the settlement agreement because the facts in the record establish that the compromise was fair, reasonable, equitable, and adequate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) (setting forth standard of review and factors the bankruptcy court must consider in determining the "fairness, reasonableness and adequacy of a proposed settlement agreement").

The district court did not abuse its discretion by denying Blas's requests for oral argument because it determined that oral argument was unnecessary, and Blas did not demonstrate that he was prejudiced by the denial. *See* Fed. R. Bankr. P. 8019 (providing that a district court may dispense with oral argument if the court determines that it is unnecessary); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867, 869 (9th Cir. 1991) (setting forth standard of review and requiring a showing of prejudice).

We reject as unsupported by the record Blas's contention that the district court denied him due process.

**AFFIRMED.**