NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA CARSTEN, | No. 13-16985 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00493-MMD-WGC |
| v. | |
| INTER-TRIBAL COUNCIL OF NEVADA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Argued and Submitted March 13, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Theresa Carsten appeals the district court's order dismissing her claim of

alleged violation of the Family Medical Leave Act (FMLA) by her individual

supervisors and her employer, the Inter-Tribal Council of Nevada (ITCN).  We

review the district court's determination that it lacks jurisdiction because of tribal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

sovereign immunity de novo. *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1081-82 (9th Cir. 2013). We reverse and remand for jurisdictional discovery.

The district court correctly held that the FMLA does not abrogate tribal sovereign immunity. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-59 (1978). Accordingly, Carsten's claim against ITCN is barred if ITCN is an arm of a tribe acting on behalf of the tribe and therefore has tribal sovereign immunity. *See White v. Univ. of Cal.*, 765 F.3d 1010, 1025 (9th Cir. 2014) ("Tribal sovereign immunity not only protects tribes themselves, but also extends to arms of the tribe acting on behalf of the tribe."). After the district court dismissed Carsten's claim, this court issued its decision in *White*, which set out a test for determining whether an entity is an "arm of the tribe." *Id.* Because the district court did not have the benefit of *White*'s guidance at the time it issued its decision, we remand so that the parties can conduct jurisdictional discovery into the *White* factors, and so the district court can evaluate in the first instance whether ITCN is an arm of a tribe under *White*.

Carsten's complaint also named two of her supervisors, Risa Stearns

2

(incorrectly sued as Sterns) and Daryl Crawford, as defendants.[1] Although tribal sovereign immunity extends to tribes' employees sued in their official capacities, it does not prevent suits against those same employees when sued in their individual capacities. *See Maxwell*, 708 F.3d at 1088. An employee may be sued in his or her individual capacity even when the suit arises out of actions taken in the employee's official capacity if the remedy sought is against the individual. *See id.* at 1088-89. As it is not clear on the current record whether Stearns and Crawford are being sued in their individual capacities or their official capacities, we remand for further proceedings on this issue.

If Stearns and Crawford are being sued in their individual capacities, we also leave it to the district court to determine in the first instance whether the FMLA applies to tribes. *See Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1115-16 (9th Cir. 1985) (stating the rule for determining the applicability of general statutes to tribes).[2] Although, as stated above, the FMLA does not

---

[1] On March 6, 2015, ITCN filed a notice of suggestion of death of Risa Stearns. We leave it to the district court, after determining the nature of Carsten's suit against Stearns, to direct appropriate proceedings.

[2] As the district court correctly pointed out, whether a statute abrogates tribal sovereign immunity and whether a statute applies to tribes are two distinct inquiries. A statute that does not fit under one of the three exceptions listed in

abrogate tribal sovereign immunity, its applicability to tribes would be relevant to whether Stearns and Crawford could be sued as individual employers acting "in the interest of" ITCN.  29 U.S.C. § 2611(4)(A)(ii)(I).

**REVERSED AND REMANDED.**

---

*Coeur d'Alene* still applies to a tribe even if the tribe has immunity from certain types of lawsuits.  In that situation, actions enforcing the statute against the tribe could be brought, for example, by the United States, *see Coeur d'Alene*, 751 F.2d at 1115-18 (involving an appeal by the federal Secretary of Labor), or in suits for prospective injunctive relief against tribal officials, *see Big Horn Cnty. Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 954 (9th Cir. 2000) (applying the *Ex Parte Young* framework to tribal officers).