NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INTERCONTINENTAL INDUSTRIES CORPORATION, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WUHAN STATE OWNED INDUSTRIAL HOLDINGS CO., LTD., et al., <br><br> Defendants - Appellees. | No. 13-56136 <br><br> D.C. No. 2:10-cv-04174-JAK-E <br> Central District of California, <br> Los Angeles <br><br><br> ORDER |

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Appellees' Motion for Clarification or, in the Alternative, Petition for Limited Rehearing is GRANTED. Page 5 of the Memorandum, filed on July 27, 2015, is amended as follows: Change <sufficient to warrant narrowly tailored judicial discovery.> to <sufficient to warrant consideration of a narrowly tailored request for jurisdictional discovery.> An amended Memorandum is filed concurrently with this order.

No further petitions for rehearing may be filed.

FILED

AUG 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

INTERCONTINENTAL INDUSTRIES
CORPORATION,

               Plaintiff - Appellant,

v.

WUHAN STATE OWNED
INDUSTRIAL HOLDINGS CO., LTD., et
al.,

               Defendants - Appellees.

No. 13-56136

D.C. No. 2:10-cv-04174-JAK-E

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 8, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Plaintiff Intercontinental Industries Corporation brought this action against

Defendants Wuhan State Owned Industrial Holdings Company and Hubei Province

Government in the Central District of California, alleging fraud, RICO violations,

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

cancellation of contract due to fraud and duress, and breach of contract.  Plaintiff appeals the district court's judgment dismissing Plaintiff's First Amended Complaint ("FAC") for lack of subject matter jurisdiction and venue, and denying Plaintiff's requests for leave to amend and to pursue jurisdictional discovery. Specifically, Plaintiff argues that (1) the district court had subject matter jurisdiction pursuant to the commercial activity exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(2); and (2) the forum selection clause that the district court enforced, which named Chinese courts as the exclusive venue for all litigation arising from the contract, was invalid.

We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings consistent with this disposition.

**1.** We review de novo a dismissal for lack of jurisdiction under the FSIA.  *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1132 (9th Cir. 2012). The denial of a party's request for leave to amend or to pursue jurisdictional discovery is reviewed for abuse of discretion.  *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669 & n.8 (9th Cir. 2009); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).  The parties agree that Defendants are foreign state entities and presumptively entitled to

2

sovereign immunity, so the only issue is whether the FSIA's commercial activity exception applies.

The only prong of the FSIA commercial activity exception that Plaintiff argues is the third, "direct effects" exception, which applies to acts connected to commercial activity that "cause[] a direct effect in the United States." *See* 28 U.S.C. § 1605(a)(2). But Plaintiff's FAC does not allege any "direct effect" sufficient under the FSIA. Plaintiff has alleged significant general damages, but financial loss to a United States-based entity in itself is not "sufficient to constitute a 'direct effect.'" *Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 726-27 (9th Cir. 1997). Without more, Plaintiff's FAC fails on sovereign immunity grounds.

We conclude, however, that the district court abused its discretion when it denied Plaintiff's request for an opportunity to seek to amend the FAC to allege facts that could place the case within the commercial activity exception. As a general rule, courts should provide an opportunity to amend if a plaintiff could allege additional facts that would save the complaint from dismissal. *See Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (per curiam). If, as Plaintiff argues here, Defendants' conduct directly resulted in the loss of revenue from existing contracts with United States-based customers, then the "direct effects" prong of the commercial activity exception likely applies. *See* § 1605(a)(2)

3

(establishing an exception to sovereign immunity in cases based upon acts outside the United States that "cause[] a direct effect in the United States"); *Terenkian*, 694 F.3d at 1139 (discussing *Cruise Connections Charter Mgmt. 1, LP v. Att'y Gen. of Can.*, 600 F.3d 661 (D.C. Cir. 2010)). Although Plaintiff's counsel was not aware of any particular contacts at the time of the hearing on the motion to dismiss, there were, assertedly, reasons for that lack of information, including the Defendants' control of Plaintiff's records. Given the basis for Defendants' jurisdictional challenge, Plaintiff's request for an opportunity to seek to amend was reasonable, and the district court should have granted it.

2.      Concerns of undue delay and prejudice do not override the general rule favoring amendment. Although Plaintiff had amended the complaint once—to add defendants and claims related to those defendants—the district court had never before dismissed the case based on the adequacy of the allegations in the FAC. Moreover, remand will not preclude Defendants from raising another jurisdictional challenge to Plaintiff's amended complaint. Accordingly, we remand the case to the district court with instructions to grant an opportunity to amend so that Plaintiff can attempt to plead facts establishing subject matter jurisdiction under the "direct effects" prong of the commercial activity exception.

**3.**     Although Plaintiff failed to invoke the first prong of the FSIA's commercial activity exception before the district court, Plaintiff did brief the issue on appeal.  Because it was not raised in the district court, we decline to address Plaintiff's argument that Defendants carried on commercial activity in the United States.  *See* § 1605(a)(2).  However, on remand, if Plaintiff alleges facts under that prong, the district court may consider that prong's applicability in the first instance.

**4.**     Plaintiff's claim that Defendants may possess the documents needed to show that the commercial activity exception applies is sufficient to warrant consideration of a narrowly tailored request for jurisdictional discovery.  *See Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989).  Plaintiff may renew its discovery request on remand.

**5.**     We review the district court's decision to enforce a forum selection clause for abuse of discretion.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 n.3 (9th Cir. 1995).  A forum selection clause is invalid if "the inclusion of the clause in the agreement was the product of fraud."  *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 15 (1972)).  Here, the FAC plainly alleged a fraudulent enterprise that extended to the inclusion of the forum

5

selection clause. Specifically, the FAC alleged that Xiansheng Li falsely told Plaintiff, on behalf of Defendants, that the relevant Chinese authorities would approve and protect Plaintiff's investment, and would help to resolve disputes in Plaintiff's favor. The district court erred in enforcing the 2005 forum selection clause despite these allegations of fraud. Because Plaintiff created a "factual contest" as to whether it consented to the 2005 forum selection clause in reliance on Defendants' fraudulent assurances, we reverse the district court's ruling and remand with instructions to determine whether Defendants induced Plaintiff's assent to the forum selection clause through fraud. *See Petersen*, 715 F.3d at 280-83.

**REVERSED and REMANDED.**