**PERSIAN GULF INC., Individually and on Behalf of All Others Similarly Situated, Plaintiff,**

**v.**

**BP WEST COAST PRODUCTS LLC; Chevron U.S.A. Inc.; Tesoro Refining & Marketing Company LLC; Equilon Enterprises LLC (d/b/a Shell Oil Products US); Exxon Mobil Refining & Supply Company; Valero Marketing and Supply Company; Conoco Phillips; Alon USA Energy, Inc.; and Does 1–25, Inclusive, Defendant.**

**Case No.: 15cv1749–L–BGS**

United States District Court, S.D. California.

Filed 08/23/2016

Alexandra S. Bernay, Carissa J. Dolan, Carmen A. Medici, David William Mitchell, Jennifer N. Caringal, Patrick J. Coughlin, Robbins Geller Rudman & Dowd, San Diego, CA, Armen Zohrabian, Robbins Geller Rudman & Dowd LLP, San Francisco, CA, for Plaintiff.

Robert Andrew Sacks, Diane Lee McGimsey, Sullivan & Cromwell LLP, Los Angeles, CA, Daniel G. Swanson, David S. Han, Steven Eugene Sletten, Gibson Dunn and Crutcher, Los Angeles, CA, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY AND SETTING FORTH NEW DEADLINE TO FILE AMENDED COMPLAINT

Hon. Bernard G. Skomal, United States Magistrate Judge

### I. BACKGROUND

Plaintiff brought this action against the Defendants in the Superior Court of the State of California claiming the Defendants violated the Cartwright Act and the Unfair Competition Law. Plaintiff primarily alleged a price-fixing conspiracy among the Defendants. The Defendants removed the case to federal court under 28 U.S.C. §§ 1332, 1453, and 1441. (ECF No. 1.) On March 7, 2016, Defendants moved to dismiss the complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 47.)

On July 14, 2016, the Honorable Judge M. James Lorenz Granted Defendants' Motion to Dismiss for Failure to State a Claim with leave to amend. (ECF No. 66.) In that order, Judge Lorenz noted that the question before the court was whether Plaintiff pled sufficient facts to provide a plausible basis from which the Court can infer the alleged agreements' existence. (*Id.* at 6.) After a thorough analysis, the Court concluded that Plaintiff had not alleged sufficient facts to "nudge (its) claim across the line from conceivable to plausible." (*Id.* at 11 citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).)

In its response to Defendants' Motion to Dismiss, Plaintiff requested an opportunity to conduct discovery, but did not specify the scope of that discovery. (ECF No. 66 at 12.) The Court denied Plaintiff's request and set a deadline for Plaintiff to file an amended complaint. (*Id.*) On July 25, 2016, after the Court's order granting Defendants' Motion to Dismiss, the parties jointly called the Court. (ECF No. 67 at 2.) During this call, Plaintiff requested permission to take discovery prior to filing its amended complaint. (*Id.*) Defendants opposed this request. (*Id.*) This order follows.

### II. ANALYSIS

The foundational issue before the Court is whether the Court has discretion to allow Plaintiff limited plausibility discovery prior to Plaintiff's filing an amended complaint in light of Judge Lorenz's dismissal of the original complaint pursuant to FRCP 12(b)(6) for failure to meet the plausibility requirements as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Defendants focus this dispute on the significance of the Ninth Circuit's opinion in *Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014). They contend that *Mujica* stands for the proposition that Plaintiff is not entitled to conduct plausibility discov-

ery prior to amending their complaint. Plaintiff disagrees, arguing such pre amendment discovery is not barred by the *Mujica* decision nor the Supreme Court decision in *Iqbal*.

In *Mujica* the Ninth Circuit addressed whether the Plaintiffs had meet their burden of pleading "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mujica*, 771 F.3d at 592 (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The Court found they had not met their burden. The Plaintiffs seemingly conceded that without doing discovery they would not be able to amend the complaint to allege sufficient facts as required by *Iqbal*. *Id.* at 593. The Court then denied Plaintiffs discovery, reasoning that "The Supreme Court has stated, however, that Plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." (*Id.* citing *Iqbal*, 556 U.S. at 678, 79, 129 S.Ct. 1937.) The Court concluded that since no amendment to the complaint prior to discovery could add sufficient factual matter to survive a motion to dismiss, it declined to remand the case for amendment. *Id.*

The Court in *Mujica* went on to emphasize this point in a footnote addressing the dissent's claim that other courts have rejected this view of *Iqbal*. "To the extent that any of those decisions suggests that courts retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's plausibility standard, it is simply incompatible with *Iqbal* and *Twombly*. *Mujica*, 771 F.3d at 593, n. 7 citing *Iqbal*, 556 U.S. at 686, 129 S.Ct. 1937 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.") and *Twombly*, 550 U.S. at 559, 127 S.Ct. 1955 ("It is no answer to say that a claim just shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management.")

The unambiguous directive in *Iqbal* and *Mujica* does not allow the court discretion to order pre amendment plausibility discovery.[1] The Plaintiffs are not entitled to discovery in order to allege sufficient facts to "nudge its claim across the line from conceivable to plausible." (ECF No. 66 at 11 citing *Twombly*, 550 U.S. at 553, 127 S.Ct. 1955.)

As the Sixth Circuit so aptly stated in denying Plaintiff discovery in an Anti–Trust complaint that had been dismissed, "The Plaintiff may not use the discovery process to obtain these facts [of price discrimination] after filing suit. The language of *Iqbal*, 'not entitled to discovery' is binding on the lower federal courts." *New Albany Tractor v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). Because the Court finds that Plaintiffs are not entitled to pre-amendment plausibility discovery, the Court need not address Plaintiff's specific discovery requests.

If Plaintiff wishes to file an amended complaint, it must do so no later than **September 22, 2016.** Defendants shall file a response, if any, to the first amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

IT IS SO ORDERED.

---

1. The Plaintiff claims that the Ninth Circuit post *Mujica* recognizes that district courts may still order early discovery. (ECF No. 71 at 3–4 citing to *International Indus. Corp. v. Wuhan State Owned Indus. Holdings Co.*, 619 Fed.Appx. 592, 595 (9th Cir. 2015), *as amended on clarification* (Aug. 19, 2015) and *Carsten v. Inter–Tribal Council of Nev.*, 599 Fed.Appx. 659, 660 (9th Cir. 2015).) In both of these cases the Ninth Circuit granted jurisdictional discovery, not plausibility discovery.