**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBIN P. PETERSEN,
*Plaintiff-Appellant*,

v.

BOEING COMPANY, a Delaware
corporation; BOEING
INTERNATIONAL SUPPORT SYSTEMS
COMPANY, SAUDI ARABIA LIMITED,
a corporation or other business entity
or division of The Boeing Company,
*Defendants-Appellees*.

No. 11-18075

D.C. No.
2:10-cv-00999-
ROS

OPINION

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Submitted March 12, 2013[*]

Filed April 26, 2013

Before: Harry Pregerson, Stephen Reinhardt,
and William A. Fletcher, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Forum Selection Clause

The panel reversed the district court's order dismissing the action under Fed. R. Civ. P. 12(b)(3) for improper venue based on a forum selection clause in an employment agreement.

The panel held that the evidence submitted and the allegations made by appellant were more than sufficient to create a triable issue of fact as to whether the forum selection clause at issue was enforceable under *M/S Bremen v. Zapata Off-Shores Co.*, 407 U.S. 1 (1972). The panel also held that the district court abused its discretion by dismissing on the basis of the forum selection clause without holding an evidentiary hearing as to whether appellant was induced to assent to the forum selection clause through fraud or overreaching. Finally, the panel held that the district court abused its discretion in denying appellant leave to amend his pleadings.

### COUNSEL

Robin P. Petersen, pro se, Warner Robins, Georgia, for Plaintiff-Appellant.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Geoffrey M.T. Sturr, Thomas L. Hudson, and Kathleen Brody O'Meara, Osborn Maledon, P.A., Phoenix, Arizona, for Defendants-Appellees.

## OPINION

PER CURIAM:

### I

Plaintiff Robin P. Petersen, who appears *pro se* and *in forma pauperis* on appeal, is a former Navy pilot with the rank of Commander who was recruited to work in Saudi Arabia as a flight instructor for Boeing International Support Services ("BISS"), a wholly-owned subsidiary of The Boeing Corporation ("Boeing"). Except as otherwise indicated, the following account describes the facts as alleged in the Complaint.

Prior to departing for Saudi Arabia, Petersen was required to sign a preliminary employment agreement. That agreement did not contain a forum selection clause. On arrival in Saudi Arabia, however, he was forced to sign a second employment agreement—which he was not given time to read and which he was told he must sign or else return immediately to the United States at his own expense. This agreement contained a forum selection clause requiring any contractual disputes to be resolved in the Labor Courts of Saudi Arabia. Petersen signed the second agreement without reading it, as he was instructed to do by his employer.

Petersen's passport was then confiscated; he was effectively imprisoned in his housing compound under

miserable living conditions; and his work environment was marked by rampant safety and ethics violations. When he attempted to resign and return to the United States, his employer refused to return his passport for a period of nearly three months. During his time in Saudi Arabia, Petersen contracted an upper respiratory infection as a result of his living conditions and was permanently maimed as a result of receiving inadequate surgical treatment for an Achilles tendon tear, which he would have had treated in the United States had he been permitted to leave Saudi Arabia.

When he finally returned to the United States (after the intervention of the United States Consulate in Jeddah), Petersen brought suit against Boeing and BISS alleging breach of contract as well as several statutory and common law claims. In addition to his Complaint, his submissions to the district court included a sworn affidavit claiming that (1) he was not financially capable of traveling to Saudi Arabia in order to institute proceedings against his employer; (2) he would be subjected to harsh conditions and internal travel restrictions if he were somehow able to return to Saudi Arabia; and (3) the forum selection clause was foisted on him through fraud and undue pressure. He also submitted a report from the United States Department of State tending to demonstrate that (1) he would not be *legally* permitted to travel to Saudi Arabia; (2) he would not in any event be able to obtain a fair trial in Saudi Arabia; and (3) his employer could detain him in Saudi Arabia for the entire duration of any legal proceedings. The district court nonetheless dismissed the entire lawsuit without a hearing under Federal Rule of Civil Procedure 12(b)(3) for improper venue, holding that the forum selection clause was enforceable, relying largely on our opinion in *Spradlin v. Lear Sigler Mgmt. Servs. Co.*, 926 F.2d 865 (9th Cir. 1991). The district court then

denied Petersen leave to amend his Complaint in order to address some of the supposed shortfalls identified by the district court.

## II

We review a district court's decision to enforce a forum selection clause under Rule 12(b)(3) for abuse of discretion.[1] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (as amended). In doing so, however, we "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138. The non-moving party's pleadings need not be accepted as true, however, and we may consider facts outside the pleadings. *Id.* at 1137.

As to the district court's refusal to grant leave to amend, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (internal quotation marks omitted).

---

[1] BISS argues that the district court did not have personal jurisdiction. That question is fact-intensive and may depend on the relationship between BISS and the individuals who recruited Petersen while he was residing in Arizona. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187–93 (9th Cir. 2002) (holding that an Arizona district court had personal jurisdiction over a New York farm being sued by laborers from Arizona for breach of contract and statutory violations where the only contacts between the farm and Arizona were the efforts directed at Arizona by the labor contractor who, on the facts of the case, acted as the farm's agent under Arizona law when recruiting the laborers). Because this issue may benefit from further factual development, we remand it to the district court for its initial consideration.

### III

The enforceability of forum selection clauses is governed by federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The applicable federal law was first announced in *M/S Bremen v. Zapata Off-Shores Co.*, 407 U.S. 1 (1972), and later refined in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991). Under *Bremen*, there are three reasons a forum selection clause may be unenforceable: "(1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Murphy*, 362 F.3d at 1140 (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)). Both the second and first *Bremen* exceptions are at issue here, and we address them in that order.

### A

In *Spradlin*, we indicated that we were "troubled" by an employer's "standard inclusion of a Saudi Arabian forum selection clause in employment contracts when it is highly foreseeable that terminated American employees will be required to return to the United States and will thus face considerable obstacles in bringing wrongful termination actions." 926 F.2d at 869. Nonetheless, we reluctantly enforced the forum selection clause in *Spradlin* in light of the plaintiff's failure "to come forward . . . with *anything* beyond the most general and conclusory allegations of fraud and inconvenience." *Id.* at 868 (emphasis added). In particular, we noted that Spradlin had not "brought to the district court's

attention" *any* facts "that would have militated against enforcing the forum selection clause," in particular where relevant witnesses were located, whether Spradlin was unable to return to Saudi Arabia, and any facts about the costs of litigating in Saudi Arabia, the availability of counsel there, and his financial ability to bear the costs of Saudi litigation. *Id.* at 869. We therefore were "compelled to affirm" the enforcement of the Saudi forum selection clause. *Id.* at 868.

By contrast, in *Murphy*, we applied *Spradlin* and held that an employee was entitled to an evidentiary hearing as to the enforceability of a forum selection clause in his employment contract where he established that litigating in the forum mandated by the clause might "effectively preclude [his] day in court." 362 F.3d at 1142. *Murphy* established his non-conclusory case by submitting an affidavit averring that his financial situation did not permit him to travel to Wisconsin (the forum indicated in the employment contract) by air and that he was unable to drive to Wisconsin on account of a disability. 362 F.3d at 1142. Although there was conflicting evidence suggesting that Murphy could, in fact, litigate in Wisconsin, the existence of a "factual contest" as to whether enforcement of the forum selection clause would "wholly . . . foreclose" Murphy's ability to litigate his claim required an evidentiary hearing. *Id.* at 1142, 1143.

Here, Petersen did precisely what we held that the employee in *Spradlin* needed to have done, and what the employee in *Murphy* did do: he provided specific evidence sufficient to demonstrate that he would be wholly foreclosed from litigating his claims against Boeing and BISS in a Saudi forum. His sworn affidavit states that he lacked the resources

to litigate in Saudi Arabia[2] and that he was concerned about returning to Saudi Arabia (even if possible) in light of having been held as a "virtual prisoner" there. Evidence submitted by Petersen corroborated his concerns: the United States Department of State's *2009 Human Rights Report* on Saudi Arabia states that "[i]n practice, the judiciary was not independent" and that "the judiciary was subject to influence" by powerful individuals within the executive or legislative branch. Furthermore, "judges may discount the testimony of . . . persons of other [non-Muslim] religions." Most important, employers "involved in a commercial or labor dispute with foreign employees may ask authorities to prohibit the employees from departing the country until the dispute is resolved," often with the intent to "force the employee to accept a disadvantageous settlement or risk deportation without any settlement." *See Murphy*, 362 F.3d at 1142–43; *cf. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 327 (9th Cir. 1996) (enforcing a forum selection clause but noting that "this would be a very different case" if the plaintiff had submitted admissible evidence to support his claim that he would be denied his day in court in the selected forum).

Petersen's proposed First Amended Complaint alleged additional facts that should have dispelled any lingering doubt the district court might have had as to whether an evidentiary

---

[2] Petersen's affidavit accompanying his motion for permission to proceed *in forma pauperis* before this court states that his monthly income is $1613—$1 more than his monthly expenses—and that he has $66 in liquid assets.

hearing, at the least, was needed. Just as we indicated that Spradlin could have alleged additional facts, but did not, *Spradlin*, 926 F.2d at 869, Petersen's proposed amended complaint alleged that he would need to travel to Saudi Arabia to litigate his claim, but that he would be unable to do so because he would not be eligible for a visa. This allegation is confirmed by the State Department's public travel advisory regarding travel to Saudi Arabia, of which we take judicial notice. The advisory states that visas are available for Americans to visit Saudi Arabia only for "business and work, to visit close relatives, and for transit and religious visits by Muslims" and "all visas require a sponsor . . . ." U.S. Department of State, *Saudi Arabia: Country Specific Information*, *available at* http://travel.state.gov/travel /cis_pa_tw/cis/cis_1012.html# (last visited Apr. 18, 2013). Even assuming that Petersen could somehow *enter* Saudi Arabia, the same report confirms his fears that he would be trapped there again: "Persons involved in legal cases are not permitted to leave the Kingdom until the case has been resolved or abandoned," which "generally takes several months."[3] *Id.* Also, unlike Spradlin, Petersen plausibly alleged that the majority of his witnesses would be American. He named at least 16 such witnesses, including other

---

[3] The only evidence that Boeing and BISS presented that addressed Petersen's ability to litigate in Saudi courts was an affidavit from a Saudi attorney stating that the Saudi Labor Courts have jurisdiction over this dispute. Notably, that affidavit does not rebut any of the concerns expressed by Petersen. It does *not* state that Petersen could receive a fair trial against an employer with ties to the Saudi military. It does *not* state that Petersen would be permitted to enter Saudi Arabia to participate in the litigation or that he could somehow do so without traveling to Saudi Arabia, nor does it rebut Petersen's fears, confirmed by the State Department, that he would be forced to remain in Saudi Arabia until his litigation terminated.

Boeing/BISS employees who experienced similar conditions during their time in Saudi Arabia and United States-based recruiters working for Boeing/BISS. Finally, Petersen plausibly alleged that he was warned by Boeing/BISS managers—presumably the same individuals responsible for detaining him in Saudi Arabia against his will—that Boeing, which provides training to the Saudi air force under the program in which Petersen was participating, enjoys a "very close relationship" with the Saudi government.

In light of the fact that leave to amend "should be granted with 'extreme liberality,'" we hold that the district court abused its discretion in denying Petersen leave to amend to include these additional allegations. *Moss*, 572 F.3d at 972 (quoting *Owns v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Furthermore, even without the additional allegations, we hold that the district court erred by not—at the very least—conducting an evidentiary hearing to determine whether enforcement of the forum selection clause at issue here would "effectively preclude [Petersen's] day in court," *Murphy*, 362 F.3d at 1142, based on the admissible evidence Petersen presented.[4]

---

[4] Because we remand for the district court to conduct an evidentiary hearing, our approach is consistent with *Carnival Cruise Lines*, 499 U.S. at 594. In that case, the Supreme Court held that we erred when we declined to enforce a forum selection clause based in part on the fact that some evidence showed that the plaintiff would experience difficulty litigating in the selected forum. *Id.* The Supreme Court held that we impermissibly engaged in fact finding because "the District Court [had] made no finding regarding the physical and financial impediments to the [plaintiffs'] pursuing their case in [the selected forum]." *Id.* We therefore follow the approach we announced in *Murphy* and remand to the district court for factual findings. We also note that here, unlike the passengers in *Carnival Cruise Lines*, Petersen introduced evidence and allegations that he "lack[ed] notice of the forum selection clause," that the clause

**B**

In addition, Petersen argues that the forum selection clause should not be enforced under the first *Bremen* exception because he was induced to agree to the clause only through fraud or overreaching.**[5]** To establish the invalidity of a forum selection clause on the basis of fraud or overreaching, the party resisting enforcement must "show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'" *Richards*, 135 F.3d at 1297 (emphasis in original) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 519 n.14 (1974)).

Petersen has done just that. His sworn affidavit states that the initial employment contract he signed in the United States made no mention of a Saudi forum selection clause, but that he was required to sign a new employment contract containing such a clause upon his arrival in Saudi Arabia. His new supervisor, however, did not permit him time to read the agreement and told him that failure to sign it would result in his being forced to return immediately to the United States at his own expense. These specific facts, contained in an

---

would further Boeing/BISS's "bad-faith motive" of "discouraging [Petersen] from pursuing legitimate claims," and that Petersen did not have the option of "rejecting the contract with impunity." *Id.* at 595.

**[5]** Boeing and BISS argue that Petersen waived his *Bremen*-based fraud argument because he did not raise it before the district court. We agree that the argument was not squarely presented to the district court. However, the district court expressly held that Petersen could not invalidate the forum selection clause on the basis of fraud or overreaching. Our waiver rules do not apply where, as here, "the district court nevertheless addressed the merits of the issue not explicitly raised by the party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 n.8 (9th Cir. 2010) (internal quotation marks omitted).

admissible affidavit, are sufficient, if true, to demonstrate that the forum selection clause's inclusion in the employment agreement was obtained via fraud or overreaching by taking undue advantage of Petersen's vulnerable position as a newly-arrived employee in Saudi Arabia. *Cf. Murphy*, 362 F.3d at 1141 (finding no overreaching or fraud where employee voluntarily renewed his employment agreement for four consecutive years under no undue influence aside from the need to find a new job if he refused to sign). Therefore, the district court abused its discretion by dismissing on the basis of the forum selection clause without at the very least holding an evidentiary hearing as to whether Petersen was induced to assent to the forum selection clause through fraud or overreaching.[6]

## CONCLUSION

We hold that the evidence submitted and the allegations made by Petersen were more than sufficient to create a triable issue of fact as to whether the forum selection clause at issue here is enforceable under *Bremen*. The district court therefore abused its discretion by granting BISS's motion to dismiss without convening an evidentiary hearing. It also

---

[6] In their briefs, Boeing and BISS take the position that Petersen was presented with a full copy of the employment agreement he signed in Saudi Arabia prior to arriving there. We recognize that some evidence in the record might be consistent with this account. Because Petersen's sworn testimony is to the contrary, however, he created a triable issue of fact as to any potential fraud. The question cannot, therefore, be resolved against him absent an evidentiary hearing. *See Murphy*, 362 F.3d at 1143 ("It does not matter at the Rule 12(b)(3) motion stage that there are contrary facts submitted by the moving party. Absent an evidentiary hearing to resolve the factual contest, the Rule 12(b)(3) motion should have been denied.").

abused its discretion in denying Petersen leave to amend his pleadings. On remand, if the district court still determines after an evidentiary hearing that the forum selection clause is enforceable, it should separately analyze whether the clause also requires dismissal of Petersen's non-contract claims.[7] We do not reach the alternate, fact-intensive bases for affirming urged by Boeing and BISS on appeal and leave those to be resolved in due course by the district court.[8] *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1141 (9th Cir. 2009).

**REVERSED and REMANDED; Motion to Strike GRANTED.**

---

[7] The district court did not mention this issue when it dismissed all of Petersen's claims on the basis of the forum selection clause. It is true that in some circumstances, a contractual forum selection clause may also apply to related non-contract claims. *See Manetti-Farrow*, 858 F.2d at 514. This is so, however, only when "resolution of the [tort] claims relates to interpretation of the contract." *Id.*

[8] We do, however, grant Boeing's and BISS's joint motion to strike the portions of Petersen's reply brief that include new evidence or allege new facts not in the record before the district court. We have not relied on any of those additional facts or evidence, although we observe that it may be prudent for Petersen to submit this additional evidence and allege these additional facts on remand.