FILED

NOT FOR PUBLICATION

APR 22 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS A. DILLON, as Court Appointed Receiver for Vesta Strategies, LLC and Excalibur 1031 Group, LLC, | No. 14-15802 |
| | D.C. No. 5:10-cv-05238-EJD |
| Plaintiff - Appellant, | |
| | MEMORANDUM[*] |
| v. | |
| CONTINENTAL CASUALTY COMPANY, an Illinois corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 12, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

Plaintiff Thomas Dillon, as receiver for Vesta Strategies LLC and Excalibur

1031 Group, LLC, appeals the district court's grant of summary judgment in favor

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of defendant Continental Casualty Company.[1]  Vesta advertised itself as a so-called

Internal Revenue Code § 1031[2] qualified intermediary.  Rather than safeguarding

customer funds, however, its owners embezzled millions of dollars from its clients.

Dillon seeks to recover on behalf of those clients under a "fidelity bond" policy

that Continental issued to Vesta in 2003.  The district court granted summary

judgment for Continental on the ground that any recovery under the policy would

violate California Insurance Code § 533, which provides, in relevant part, that an

"insurer is not liable for a loss caused by the wilful act of the insured."  We

reverse.

**1**. Section 533 expresses California's public policy determination that

insurance coverage should not "directly or indirectly exempt anyone from personal

responsibility for his own wilful injury to another."  *Aetna Cas. & Sur. Co. v. Sheft*,

989 F.2d 1105, 1107 (9th Cir. 1993) (quoting *U.S. Fid. & Guar. Co. v. Am. Emps.*

*Ins. Co.*, 159 Cal.App.3d 277, 283 (1984)).  The provision does not apply to

---

[1] Dillon does not appeal the grant of summary judgment as to Excalibur
1031 Group, LLC.

[2] Section 1031 of the Internal Revenue Code allows entities that invest in
real estate to defer payment of capital gains taxes on the proceeds of the sale of a
property if the entity deposits the proceeds into an account with a "qualified
intermediary" and then uses those proceeds to purchase a "like-kind" property
within a specified period of time.  *See* 26 U.S.C. § 1031 (2012); 26 CFR §
1.1031(k)-1 (2015).

contracts of surety, however, because in a surety relationship the principal is ultimately responsible for his actions, as a "surety can sue the principal for any sums it must pay out" as a result of the principal's conduct. *Wash. Int'l. Ins. Co. v. Superior Court*, 73 Cal. Rptr. 2d 282, 287 (1998). Contrary to the district court's conclusions, the relevant policy endorsements here created a surety relationship that is exempt from § 533. Specifically, Endorsement 3, which extended coverage to thefts of client funds by Vesta and its owners, provides that Continental retains "all rights of recovery that [Continental], as *surety* in this undertaking . . . may have against" Vesta and its owners[3] (emphasis added). Under the plain language reading of this provision, Continental has the right to file a subrogation claim against Vesta and its owners for any reimbursement paid under the policy. For this reason, collecting under the policy will not reduce Vesta's or Vesta's owners' liability, and § 533 "is in no way offended." *See Wash. Int'l. Ins. Co.*, 73 Cal. Rptr. 2d at 287.

**2**. Continental raised before the district court, and now reasserts, four other bases for granting summary judgment. "Although we may affirm the grant of

---

[3] It is true that another endorsement provides "this insurance is for [Vesta's] benefit only. It provides no rights or benefits to any other person or organization." This clause cannot be read to prohibit Dillon from collecting on behalf of Vesta's clients, however, because doing so renders illusory the extension of coverage to thefts by Vesta and its owners.

summary judgment on any basis presented in the record, we are not obliged to do so." *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993). Because the alternative bases for affirming the grant of summary judgment are "fact-intensive," we decline to exercise our discretion to reach them. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015) (citing *Petersen v. Boeing Co.*, 715 F.3d 276, 283 (9th Cir. 2013)).

We **REVERSE** the district court's grant of summary judgment for Continental and its denial (for mootness) of Dillon's motion for summary judgment. We **REMAND** for further proceedings not inconsistent with this disposition.[4]

---

[4] We also grant Dillon's motion for judicial notice, as it contains documents from "proceedings in other courts . . . [that] have a direct relation to matters at issue" in this proceeding. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (citations and internal quotation marks omitted).