**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADEMA TECHNOLOGIES, INC., DBA Gloria Solar (USA),<br><br>          Plaintiff-Appellant,<br><br>   v.<br><br>WACKER CHEMICAL CORPORATION; WACKER CHEMIE AG,<br><br>          Defendants-Appellees. | No.    14-16618<br><br>D.C. No. 5:13-cv-05599-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted July 8, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

Adema Technologies, Inc. ("Adema") appeals the district court's dismissal of its case on the ground of *forum non conveniens*. We affirm. The district court did not abuse its discretion in enforcing the forum-selection clause contained in Adema's supply agreement with Wacker Chemie AG ("Wacker") with respect to all of Adema's claims.

1. The forum-selection clause governs the entire controversy. The language of the clause at issue, which refers to the "legal relations between the parties" and provides that Munich is the "[e]xclusive place of jurisdiction," is expansive. Where a broad forum-selection clause is included in a contract and the parties raise non-contractual claims, the forum-selection clause can apply to the non-contractual claims, at least where "resolution of the claims relates to interpretation of the contract." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

All of Adema's claims "relate to" interpretation of the contract. Adema contends that Wacker unfairly induced Adema to enter into a fixed-price agreement although Wacker knew that it would soon dramatically increase production and thus lower the market price for polysilicon. Had Adema not entered into the supply agreement, it would have benefitted from this drop in price. Adema's alleged economic injury, and therefore its standing to bring an unfair

competition claim under California Business and Professions Code §§ 17200, *et seq.*, depends on the terms of the contract, including the price agreed upon and the circumstances under which Adema may be released from its obligations. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011); Cal. Bus. & Prof. Code § 17204 (2016).

Even assuming Adema did not waive the remainder of its arguments about the scope of the forum-selection clause, Adema's unjust enrichment, conversion, and aiding and abetting claims likewise relate to the agreement. None could go forward had the contract not existed. Accordingly, we conclude that the forum-selection clause applies to all of Adema's claims.

2. A court should refuse to enforce a forum-selection clause "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013). No extraordinary circumstances counsel against enforcement of the forum-selection clause here.

A forum-selection clause designating a foreign forum is enforced through the doctrine of *forum non conveniens*. *Id.* at 580. When a valid forum-selection clause is at issue, the conventional *forum non conveniens* analysis is modified in three ways. *Id.* at 581-83 & 583 n.8. First, the plaintiff bears the burden of

showing why the court should disregard the forum-selection clause. *Id.* at 581-82.

Second, the court considers only public-interest factors weighing against dismissal.

*Id.* at 582. Third, the agreed-upon forum need not apply the law of the court in

which the plaintiff filed suit. *Id.* at 582-83.

The forum-selection clause contained in the supply agreement is enforceable

unless Adema can "clearly show that enforcement would be unreasonable and

unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

Enforcement is unreasonable and unjust if the clause results from fraud or

overreaching; if enforcing the clause would effectively deprive Adema of its day in

court; or if "enforcement would contravene a strong public policy" of California.

*Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (en banc)

(quoting *M/S Bremen*, 407 U.S. at 12-13, 15, 18).

The district court did not abuse its discretion in enforcing the forum-

selection clause here. Adema has not suggested that the clause resulted from fraud

or overreaching. Further, requiring Adema to litigate in Germany would neither

effectively deny Adema its day in court nor contravene important public policies of

California.

Adema has not met its "heavy burden" to show that trial in Germany "would

be so difficult and inconvenient that the party would effectively be denied a

meaningful day in court." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citation omitted). Even assuming *Atlantic Marine* does not entirely foreclose consideration of financial hardship, Adema does not meet its burden of showing that it would be deprived of its day in court, especially when Adema has already appeared in Germany to defend itself in a different lawsuit. Thus, such hardship is insufficient to overcome the strong presumption in favor of enforcement. *See Peterson v. Boeing Co.*, 715 F.3d 276, 280-81 (9th Cir. 2013) (per curiam); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1142-43 (9th Cir. 2003).

Moreover, even if German law would treat Adema's claims somewhat less favorably than would California law, this difference in treatment does not mandate reversal. Adema need not be guaranteed identical recourse in the foreign forum for enforcement of the forum-selection clause to be reasonable, *see Richards*, 135 F.3d at 1295, nor is our "job at this juncture . . . to predict the outcome of any proceeding" in a foreign court. *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007). Adema has not shown that Germany law would be "so deficient that the [plaintiff] would be deprived of any reasonable recourse," *Richards*, 135 F.3d at 1296, and therefore has not shown that enforcing the forum-selection clause would effectively deny its day in court.

5

Nor has Adema shown that requiring it to litigate in the agreed-upon forum would contravene important California public policy. Because Adema raises public policy arguments, the applicability of the German choice-of-law provision raises an important predicate question. Whether German choice-of-law principles would apply German or California law in a German forum has not been addressed at all. Nor have the parties discussed whether German law would apply in California under the choice-of-law provision were the forum-selection clause not enforced. Without any indication of which forum's substantive law would apply where, we cannot begin to assess whether California public policy is implicated by the forum choice standing alone.

Moreover, even if we assume that the choice of Germany as the forum would dictate German law as the applicable substantive law, the district court did not abuse its discretion in concluding that enforcing the forum-selection clause would not violate California's public policies against excessive forfeitures and unfair trade practices. Adema has not shown that, were trial to proceed in Germany, Wacker would recover an amount disproportionate to its actual damages. *See Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 976-78 (1998); Cal. Civ. Code § 3275 (2016). Nor has Adema shown that the policy embodied by California's unfair competition law cannot be vindicated under German law. *See*

*Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083-84 (9th Cir. 2009) (per curiam); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 723 (9th Cir. 1999); Gesetz gegen en unlauteren Wettbewerb [UWG] [The Act Against Unfair Competition], *translation at* http://www.gesetze-im-internet.de/englisch_uwg/englisch_uwg.html.

No other public-interest factors weigh strongly in Adema's favor. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 581-82; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Accordingly, the district court did not abuse its discretion in enforcing the forum-selection clause and dismissing Adema's claims on the ground of *forum non conveniens*.

**AFFIRMED.**