**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBRA REYSEN,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.   16-35565

D.C. No. 3:15-cv-00739-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted July 10, 2018
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[**] District
Judge.

Debra Reysen ("Appellant") appeals from the district court's affirmance of

the administrative law judge's ("ALJ") denial of disability insurance benefits.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

order affirming the ALJ's denial of benefits and will reverse only if the ALJ's decision was not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (citing *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). We reverse and remand for further proceedings.

1. Appellant did not waive her challenge to the ALJ's adverse credibility determination; although she failed to raise her challenge before the district court, the district court nevertheless addressed the merits of the issue. *Petersen v. Boeing Co.*, 715 F.3d 276, 282 n.5 (9th Cir. 2013) (per curiam) ("Our waiver rules do not apply where, as here, 'the district court nevertheless addressed the merits of the issue not explicitly raised by the party.'" (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 n.8 (9th Cir. 2010))).

The ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for rejecting Appellant's testimony concerning the severity of her pain and symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). First, the record contradicts the ALJ's assertion that Appellant's allegations of "extreme . . . limitations in both arms" are inconsistent with her medical records, which document an injury only to the left arm. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (upholding credibility finding based on inconsistencies

between claimant's testimony and relevant medical evidence). The record shows that Appellant alleged impairments only in her left arm; therefore, there was no inconsistency. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (holding substantial evidence did not support an adverse credibility determination where the ALJ's reasoning was contradicted by the record).

Second, the ALJ erred by relying on a selective reading of a report written by treating physician Dr. Kevin Kane to discount Appellant's testimony. As stated by the ALJ, Dr. Kane did note that an MRI showed "[n]o source for current symptomology"; however, Dr. Kane determined that Appellant's range of motion in the left shoulder remained impaired, assessed Appellant to have chronic left shoulder pain and contracture, and concluded that Appellant should begin a new treatment program directed at reducing her left shoulder pain. The ALJ's failure to discuss the latter treatment notes undermined her credibility finding. *Id.* at 1207-08 (holding treatment records from which the ALJ "selectively quoted" provided "no support for the ALJ's credibility finding").

Third, the ALJ erred by discounting Appellant's testimony based on her reported "caregiver" activities. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." (quoting *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014))). The record contains no

3

details about Appellant's "caregiver" activities; therefore, those activities "do[] not constitute an adequately specific conflict with her reported limitations." *Id.*

Fourth, although the ALJ cited to Appellant's reports of adequate pain management with medication, the ALJ failed to identify specific symptom testimony that is inconsistent with those reports. *See Holohan*, 246 F.3d at 1208 ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998))). Therefore, Appellant's reports are not a clear and convincing reason for rejecting her testimony.

Finally, the ALJ did not provide clear and convincing reasons by citing to Appellant's "sporadic work history." The ALJ failed to link Appellant's reason for leaving work (to care for elderly relatives) to the credibility finding. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (upholding the ALJ's finding that the claimant was unmotivated to work due to a large financial reserve). Given that Appellant returned to work and maintained the same position for more than one year before sustaining her injury, her prior break from work, standing alone, is not a clear and convincing reason for rejecting her testimony.

Although the ALJ's credibility determination lacks the required specificity, because there is a conflict between the evidence indicating adequate pain management and Appellant's testimony that her pain is disabling, "there are

4

outstanding issues that must be resolved before a disability determination can be made," and thus "further administrative proceedings would be useful." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (citations and alterations omitted).

2.   The ALJ failed to support her step-four analysis with substantial evidence and erred by not adequately making all of the factual findings required by Social Security Ruling 82-62.[1] *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) ("Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."). There is no dispute that the ALJ made insufficient findings as to how Appellant's past work as a cashier, front desk clerk, and motel manager are actually or generally performed, and as to how Appellant's past work as a food demonstrator is generally performed. Furthermore, substantial evidence does not support the ALJ's finding as to the demands of food demonstrator work as actually performed, because the ALJ's finding is based solely on a Work History Report that was not completed properly or thoroughly. *See id.* at 845 (explaining that an ALJ may rely on "a *properly* completed vocational report" to determine how past

---

[1] Although Social Security Rulings lack the force of law, we defer to them "unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec'y of Health & Human Servs.*, 856 F.2d 1352, 1356 (9th Cir. 1988)).

5

work was actually performed (emphasis added)).[2]

3. The ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of examining physician Dr. Ron Bowman that Appellant is "permanently precluded . . . from reaching." *See Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). By focusing on Appellant's ability to reach with her unimpaired right arm, the ALJ unreasonably disregarded the results of Dr. Bowman's examination of Appellant (which show impairments to Appellant's left arm) and effectively ignored Dr. Bowman's opinion that Appellant is precluded from left-arm reaching. *See Molina*, 674 F.3d at 1111 ("[W]e must uphold the ALJ's findings if they are supported by inferences *reasonably* drawn from the record." (emphasis added) (citation omitted)); *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (explaining that the "specific and legitimate reasons" standard is not satisfied where the ALJ ignores a medical opinion).

In light of the foregoing errors, we remand with directions to vacate the ALJ's decision and remand to the agency for reevaluation of Appellant's claim.

**REVERSED and REMANDED.**

---

[2] Since the ALJ did not make sufficient factual findings as to the demands of Appellant's past work, we do not address Appellant's contention that the ALJ also erred by finding Appellant's residual functional capacity would permit a return to her past work.