NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COLOR SWITCH LLC; COLOR SWITCH
PRODUCTIONS, INC.,

Plaintiffs-Appellants,

v.

FORTAFY GAMES DMCC,

Defendant-Appellee.

No.    19-15843

D.C. No.
1:18-cv-00419-DAD-JLT

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted June 11, 2020
San Francisco, California

Before:  SCHROEDER and BUMATAY, Circuit Judges, and MORRIS,** District
Judge.

Plaintiffs-Appellants Color Switch LLC and Color Switch Productions, Inc.

(collectively "Color Switch") appeal the district court's order granting Defendant-

Appellee Fortafy Games DMCC's ("Fortafy") motion to dismiss. We affirm.

_____

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

Color Switch created a mobile game, otherwise known as an app, and entered into an agreement with Fortafy that called for Fortafy to publish and update the game as necessary. The game proved financially successful for both parties, but Color Switch nonetheless exercised the agreement's termination clause and demanded that Fortafy return the game to Color Switch. Fortafy refused. Color Switch sued Fortafy for Copyright Act infringement and requested declaratory relief on the same grounds. The district court dismissed both claims based on a forum selection clause in the parties' agreement that required the parties to bring "[a]ny dispute arising in connection with this Agreement" in the Court of Dubai.

Color Switch now alleges that the district court made five errors. We review de novo Color Switch's alleged error that its Copyright Act claim and request for declaratory judgment fall outside the scope of the forum selection clause. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). We review for an abuse of discretion Color Switch's three alleged errors that relate to the clause's enforceability. *See Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013). We review de novo Color Switch's remaining claim that the district court should have granted it an evidentiary hearing or leave to amend. *See id.* at 282.

Color Switch's Copyright Act claim and request for declaratory judgment fall within the scope of the agreement's forum selection clause. We apply federal law to determine the scope of a forum selection clause. *Manetti-Farrow, Inc. v.*

*Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Federal law dictates that we give words in a contract their common meaning. *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011). This Court has recognized that "relating to" carries the same definition as "in connection with." *See Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). And forum selection clauses that contain the phrase "relating to" cover "disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *Id.* (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (Alito, J.)). The dispute here "reference[s] the agreement" because Fortafy claims that it has ownership rights to the game based on the agreement. A court would have to interpret Fortafy's ownership rights under the agreement to resolve Color Switch's Copyright Act claim and request for declaratory judgment. The dispute thus falls within the scope of the forum selection clause. *See id.*

The district court acted within its discretion when it found that the forum selection clause did not result from fraud or coercion. Color Switch failed to provide evidence that the forum selection clause, in particular, resulted from fraud or coercion. *See Petersen*, 715 F.3d at 282. Further, Color Switch's general allegations that Fortafy would withhold payments owed to Color Switch do not rise to the level of fraud or coercion absent any specific information about the amount of money that Fortafy allegedly threatened to withhold and Color Switch's right to

3                                                                 19-15843

that money.

The district court acted within its discretion when it found that the Court of Dubai would not deprive Color Switch of its day in court. Color Switch provided evidence that the Court of Dubai does not offer the same remedies as courts here. Color Switch needed to provide evidence, however, that the Court of Dubai would provide no remedies. *See Yei A. Sun*, 901 F.3d at 1091–92. Further, Color Switch cannot prevail on the argument that the Court of Dubai would apply UAE law because "*forum non conveniens* doctrine does not guarantee the plaintiff its choice of law." *Creative Tech, Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995).

The district court acted within its discretion when it found that the forum selection clause does not contravene a strong public policy of the United States. Color Switch failed to identify a statute or judicial decision that "clearly states" a strong public policy that the forum selection clause contravenes. *Yei. A. Sun*, 901 F.3d at 1090. The Copyright Act contains no such clear statement.

The district court acted within its discretion when it denied Color Switch an evidentiary hearing and leave to amend. A district court may deny leave to amend a pleading when leave to amend would prove futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Color Switch told the district court that it possessed new evidence that related to whether the forum selection clause resulted from

coercion. The district court gave Color Switch the opportunity to present this evidence in a sur-reply. Color Switch failed to provide any new evidence in that sur-reply. Given this failure, the district court did not abuse its discretion in finding that any further amendments or hearings would prove futile.

**AFFIRMED**.