**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRYSTAL LOPEZ, | No.  22-16915 |
| Plaintiff-Appellee, | D.C. No. 3:22-cv-04160-VC Northern District of California, San Francisco |
| v. | |
| DAVE, INC., | |
| Defendant-Appellant, | MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted December 5, 2023
San Francisco, California

Before:  S.R. THOMAS and BRESS, Circuit Judges, and EZRA,** District Judge.

Dave, Inc. ("Dave") appeals the district court's order denying its motion to

compel arbitration and its motion to dismiss for improper venue in a class action

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

brought by Krystal Lopez. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Our jurisdiction is governed by 9 U.S.C. § 16(a)(1)(B). We review the denial of a motion to compel arbitration de novo. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). We review a denial on a motion to dismiss for improper venue for abuse of discretion. *Peterson v. Boeing Co.*, 715 F. 3d 276, 279 (9th Cir. 2013). We affirm.

I

The district court correctly determined that a valid arbitration agreement did not exist between Lopez and Dave. The party seeking to compel arbitration has the burden of proving the existence of an agreement, with the party opposing it receiving "the benefit of all reasonable doubts and inferences." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991) (citation omitted). In determining whether a valid arbitration agreement exists, we apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chic., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). To form a contract under California law, "there must be actual or constructive notice of the agreement and the parties must manifest mutual assent." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 512–13 (9th Cir. 2023).

Because Dave did not provide evidence to show that Lopez had actual notice of the Terms of Use, Dave must show that Lopez had constructive notice ("inquiry notice"). Dave can show "meaningful assent" on inquiry notice "only if (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). To provide reasonably conspicuous notice, the "design and content" of a website must put "a reasonably prudent user on inquiry notice of the terms of the contract." *Nguyen*, 763 F.3d at 1177.

The district court correctly held that Dave did not provide reasonably conspicuous notice of its Terms of Use. First, the text disclosing the existence of the agreement "is printed in a tiny gray font considerably smaller than the font used in the surrounding website elements," which is the "antithesis of conspicuous." *Berman*, 30 F. 4th at 856; Second, although the term "TOS" is underlined, this alone is "insufficient to alert a reasonably prudent internet user that a clickable link exists." *Id.* at 857; Third, the notice is less conspicuous than in *Berman*. Unlike in *Berman* where the text explicitly stated that stated that the "Terms & Conditions" included "mandatory arbitration," the text in the Dave app does not

3

mention arbitration and only refers to a "TOS." *Berman*, 30 F.4th at 861.

Dave contends that the district court should have examined the full context of the relationship. Even assuming that context is relevant to the inquiry notice analysis, Dave's arguments about the context of this transaction are unavailing. For example, Dave relies on the length of the relationship between the parties at issue here, but there is no record evidence of any attempt to communicate the arbitration provision outside of the initial language on the Dave application sign-up screen.

Thus, Dave cannot sufficiently allege that Lopez had actual or inquiry notice of the Terms of Use and the district court properly denied Dave's motion to compel arbitration.

Because the only dispute was legal—whether the undisputed facts showed that Lopez had inquiry notice of Dave's Terms of Use—the district court properly denied Dave's motion to compel arbitration without a trial.  *See Oberstein*, 60 F.4th at 518.

II

The district court did not err by denying Dave's motion to dismiss for improper venue.  The venue clause that Dave seeks to enforce is contained in the same Terms of Use  as the arbitration agreement.  Because Dave did not meet its burden to show that Lopez had notice of the Terms of Use,  Dave's motion to

4

dismiss for improper venue was properly denied.

## III

Because Lopez did not have actual or inquiry notice of the arbitration agreement, we need not—and do not—decide any other issue presented by the parties.

**AFFIRMED.**